# EXHIBIT A



# Notice of Service of Process

null / ALL
**Transmittal Number:** 17449253
**Date Processed:** 11/29/2017

| | |
|---|---|
| **Primary Contact:** | Marti Cornwell<br>UNUM Group<br>1 Fountain Square<br>Chattanooga, TN 37402 |
| **Electronic copy provided to:** | Jen Majic<br>Judy Drake<br>Janna Mullin |

| | |
|---|---|
| **Entity:** | UNUM Life Insurance Company Of America<br>Entity ID Number  2979591 |
| **Entity Served:** | UNUM Life Insurance Company of America |
| **Title of Action:** | Laura Wakil, M.D. vs. Unum Life Insurance Company of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2017-00044469-CU-IC-NC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/27/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Michael B. Horrow<br>310-322-0300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**COPY FILED**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** UNUM LIFE INSURANCE COMPANY OF
*(AVISO AL DEMANDADO):* AMERICA, and DOES 1 THROUGH 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** LAURA WAKIL, M.D.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2017 NOV 21 PM 3: 05

(7)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

BY FAX

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
325 South Melrose Dr.
Vista, California 92081

**CASE NUMBER:** *(Número del Caso):*
**37-2017-00044469-CU-IC-NC**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael Horrow/Nichole Podgurski
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DONAHUE & HORROW LLP
1960 E Grand Ave, Ste 1215, El Segundo, CA 90245    (310) 322-0300

DATE: **NOV 21 2017**    Clerk, by **Darren Galbiso**    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **UNUM Life Insurance Company of America**

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**COPY FILED**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Horrow/Nichole Podgurski   SBN: 162917/251240<br>DONAHUE & HORROW LLP<br>1960 E Grand Ave, Ste 1215, El Segundo, CA 90245<br>TELEPHONE NO.: (310) 322-0300   FAX NO.: (310) 322-0302<br>ATTORNEY FOR *(Name):* Laura Wakil | NORTH COUNTY DIVISION<br>2017 NOV 21 PM 3: 05<br>(7)<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose Dr.
MAILING ADDRESS: 325 South Melrose Dr.
CITY AND ZIP CODE: Vista, 92081
BRANCH NAME: North County Regional Center

CASE NAME: Wakil v. UNUM Life Insurance Company of America, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2017-00044469-CU-IC-NC<br>JUDGE:<br>DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [X] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2017

Michael Horrow/Nichole Podgurski
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

COPY
FILED
NORTH COUNTY DIVISION
2017 NOV 21 PM 3:06
(7)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

BY FAX

MICHAEL B. HORROW (SBN 162917)
NICHOLE D. PODGURSKI (SBN 251240)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: npodgurskit@donahuehorrow.com

Attorneys for Plaintiff, LAURA WAKIL, M.D.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| LAURA WAKIL, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, and, DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.: 37-2017-00044469-CU-IC-NC<br><br>**COMPLAINT AND JURY DEMAND**<br><br>1) Breach of the Duty of Good Faith and Fair Dealing<br>2) Breach of Contract |

Plaintiff alleges as follows:

### GENERAL ALLEGATIONS

#### Introduction

1. Prior to her disability, LAURA WAKIL, M.D. was a Board Certified Psychiatrist.

2. Sadly, as of March 8, 2016, Plaintiff became unable to work in her occupation on a full time basis.

3. The financial loss associated with her inability to perform the material and substantial duties of her occupation was supposed to be protected by her disability insurance carrier, Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA. Instead, DR. WAKIL's righteous claim was denied repeatedly despite medical evidence clearly supporting her impairments and inability to perform her occupation.

## Factual Allegations

4. Plaintiff at relevant times is, and has been, a resident and citizen of the State of California.

5. Plaintiff alleges upon information and belief that the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Maine, and authorized to transact and transacting the business of insurance in this state.

6. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to plaintiff.

7. Defendant UNUM issued Long Term Disability Policy Number 219379 001 to Cooperative of American Physicians, Inc. Plaintiff is an insured under this Policy.

8. Per the Policy, in the event of Plaintiff's disability, a maximum monthly benefit of ten thousand ($10,000) dollars, less benefit reductions, was payable following the Elimination Period.

9. Per the Policy "Partially Disabled" is defined as:

- "You are partially disabled when you are not totally disabled and that while actually working in an occupation, as a result of sickness or injury, you are unable to engage with reasonable continuity in that or in any other occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity."

10. Per the Policy, "Totally Disabled" is defined as:

- "You are totally disabled when, as a result of sickness or injury, you are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation in the usual and customary way."

11. The Policy provides benefits until Plaintiff's Social Security Normal Retirement Age.

12. On or about January 28, 2016, Plaintiff was examined by Dr. Roya Kohani. Plaintiff reported issues with insomnia, anxiety, ADD, migraines, back pain and fever.

13. On or about March 4, 2016, Plaintiff underwent a Botox injection for chronic migraines.

14. On or about March 8, 2016, Plaintiff returned to Dr. Kohani. She reported ongoing night sweats/chills, low grade temperature, joint pain/muscle ache, inability focus, headache, numbness/weakness and stiff neck. The assessment was possible chronic Lyme's Disease.

15. On or about March 8, 2016, Plaintiff became disabled as defined by the Policy.

16. On or about March 29, 2016, Plaintiff underwent a Lyme IgM Western Blot test which was positive for Lyme's Disease.

17. On or about April 19, 2016, Plaintiff followed up with Dr. Alexander Shikhman's office. She reported improvement in her joint pain/stiffness but continued to have brain fog, night sweats and short-term memory loss. The Assessment was "clinical presentation is highly suspicious for tick-borne illness most-likely including an overlap of chronic borreliosis/RMSF and babesiosis; chronic fatigue syndrome and myofascial pain syndrome."

18. On or about April 21, 2016, Dr. Roya Kohani completed an Attending Physician Statement certifying Plaintiff's disability due to Lyme Disease, Babesia Duncani infection; Lyme arthritis and Lyme Encephalitis. Dr. Kohani noted Plaintiff's restrictions as "Severe body ache, joint ache, inability to concentrate. Inability to interact with her patients. Cannot perform her duties. Judgment is affected. Memory and recall is affected. Cannot perform daily required tasks."

19. On or about June 1, 2016, Plaintiff was examined by Dr. Alexander Shikhman. Plaintiff reported having seen another provider and had started on several drugs and herbs which caused confusion, extreme fatigue, abdominal discomfort and candidiasis.

20. On or about July 5, 2016, Defendant UNUM advised that Short Term Disability benefits had been approved through May 9, 2016.

21. On or about July 14, 2016, Dr. Kohani completed an updated Attending Physician Statement confirming Plaintiff's ongoing disability.

22. On or about July 20, 2016, Defendant UNUM advised that benefits had been approved through June 6, 2016, the maximum benefit period under the Short Term Disability policy.

23. On or about August 12, 2016, Defendant UNUM approved Plaintiff's claim for Long Term Disability benefits under Reservation of Rights.

24. On or about November 11, 2016, Plaintiff was treated at Scripps Memorial La Jolla Emergency Room due to her weakness associated with Lyme's Disease.

25. On or about November 18, 2016, Plaintiff consulted with Dr. Shikhman. She reported that the administration of bicilin resulted in near complete resolution of her joint and muscle pain. However, she reported cyclic episodes of confusion, palpitations and near syncopal episodes. She reported being seen at the emergency room and was given IV steroids as well as oral steroids.

26. On or about December 5, 2016 Plaintiff underwent an updated Western Blot IgM test. The results were positive for Lyme Disease.

27. On or about December 13, 2016, Plaintiff was seen by Dr. Shikhman. Plaintiff reported severe brain fog and confusion after one dose of Artemisinin. Dr. Shikhman requested updated laboratory test and she continued with the rest of her medications.

28. On or about December 28, 2016, Defendant UNUM denied Plaintiff's claim with payment through December 23, 2016.

29. On or about December 29, 2016, Plaintiff followed up with Dr. Shikhman. Plaintiff reported ongoing "significant variations" in her brain fog and fatigue.

30. On or about February 2, 2017, Plaintiff consulted with pain management physician Dr. Michael Sebahar regarding lower extremity and low back pain.

31. On or about February 6, 2017, Plaintiff underwent a lumbar epidural steroid injection at L5-S1.

32. On or about February 23, 2017, DR. WAKIL, with the assistance of her husband, appealed the denial of her claim:

- "When Laura had last seen Dr. Kohani, Dr. Kohani wrote the paperwork to the state of California Employment Development Department (CA EDD) for short-term disability stating Laura was unable to return to work until March 2017 (the year-long end date for state short-term disability) due to cognitive impairment and other reasons."
- "Since that time, Laura has had multiple issues with her health related to Lyme and other tick-borne co-infections that have kept her from being able to return to full-time work. She had 2 episodes of syncope with drop in vital signs, one of which occurred at Dr. Shikhman's office while Laura was receiving IV fluids that responded to steroids, and another that occurred at our home where we had to call 911 and was taken by ambulance to Scripps La Jolla ER where again doctor gave Laura IV steroids which rapidly improved her vital signs."

- "In December 2016 Laura also noticed her cognitive status was fluctuating more rapidly than before- on some days she was more 'normal' and could work and function, and on other days could not recall basic words and was unable to recall what she had doing just one minute before."
- "She also noticed her chills returned, as had temperature fluctuations. Dr. Shikhman then determined that likely many of Laura's symptoms were related to treatment-resistant Babesia Duncani and it was necessary to change medications from Mepron."
- "In December repeat labs showed that Laura was still positive for Lyme disease IgM (acute) but that some antibiotics were starting to convert to IgG (chronic)."
- "In January Laura switched from Mepron to Alinia to treat the parasite Babesia and was continued on her Bicillin injections. She had severe Jarish-Herxheimer reactions to the Alinia but felt it did help her cognitive status more than any other medication. However, on many days she continued (and continues) to have impairment due to fluctuating symptoms- fatigue, muscle and joint pain, headaches on occasion, overwhelming thirst, nausea, drop in appetite and a 10 pound weight loss in the past 2 months."
- "The letter states Dr. Shikhman did not refer Laura to neurology or infectious disease; however, there would be no reason for Dr. Shikhman to do so- since her cognitive symptoms are related to tick-borne illness, and Dr. Shikhman is an M.D./Ph.D. that has more experience in this area than anyone else in the San Diego region, there would be no reason to refer to someone with less knowledge and expertise in this area."
- "Laura would prefer more than anything to return to work full-time; medicine was her passion and there was nothing she was more excited about than when she quickly filled her private practice. There is also nothing more devastating than being young, with a family and suddenly losing your health with no one being able to tell you for sure when you will be fully better."

33. On or about April 20, 2017, Defendant UNUM denied Plaintiff's appeal.

34. On or about April 22, 2017, Dr. David Younger noted Plaintiff's abnormal neurological examination which noted mild distal sensory loss, hyporeflexia, tandem imbalance and generalized weakness. Dr. Younger also noted abnormal EMG and NCS studies consistent with distal

demyelinating changes.

35. On or about June 19, 2017, Plaintiff underwent a lumbar epidural steroid injection at L5-S1.

36. On or about June 22, 2017, Plaintiff was treated at Scripps Memorial La Jolla Emergency Room due to an adverse reaction to an IVIG infusion.

37. On or about June 26, 2017, Plaintiff was treated at Scripps Encinitas Emergency Room due to her lower extremities weakness.

38. On or about July 6, 2017, Plaintiff underwent a neuro-ophthalmology evaluation with Dr. Mohammad Fouladvand. The findings were consistent with her autonomic dysfunction.

39. On or about August 18, 2017, Defendant UNUM advised that the additional information provided did not change their prior decisions.

40. To date, DR. WAKIL has performed all of her obligations under the Policy. Despite this, DR. WAKIL has not received all of the benefits she is entitled to under the subject Policy.

### FIRST CAUSE OF ACTION

PLAINTIFF, LAURA WAKIL, M.D., FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, UNUM LIFE INSURANCE COMPANY OF AMERICA; and DOES 1 through 10, FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, ALLEGES:

1. Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

2. Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff in the following respects:

    a. Unreasonably failing to make payments to Plaintiff at a time when Defendants knew that Plaintiff was entitled to the payments under the terms of the Policy.

    b. Unreasonably delaying payments to Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid.

    c. Unreasonably withholding payments from Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid.

    d. Unreasonably misrepresenting to Plaintiff pertinent facts and insurance Policy provisions relating to the coverage in issue.

    e. Failing to reasonably and promptly investigate and process Plaintiff's claim

for benefits.

  f. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim for benefits in which liability has become reasonably clear.

  g. Failing to promptly provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for the denial of Plaintiff's claim for benefits.

  h. Plaintiff is informed and believes and thereon alleges that Defendant has breached its duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

3. As a proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

4. As a further proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to Plaintiff's general damage in a sum to be determined at the time of trial.

5. As a further proximate result of the unreasonable conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendants are liable to Plaintiff for those attorneys' fees, witness fees and costs of litigation reasonably necessary and incurred by Plaintiff in order to obtain the Policy benefits in a sum to be determined at the time of trial.

6. Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

7. Defendants' conduct was highly reprehensible because (1) it caused Plaintiff not only substantial economic loss, but also personal physical injury and physical sickness; (2) it demonstrated Defendants' indifference and reckless disregard as to the health and safety of Plaintiff; (3) it was repeated and continuous, rather than just an isolated incident; (4) it caused harm to Plaintiff not by accident, but rather by Defendants' intentional malice, trickery, and deceit; and (5) Plaintiff was financially vulnerable to Defendants' conduct.

8. Defendants' conduct described herein was undertaken by the corporate Defendant's deputies or managing agents, identified herein as DOES 1 through 10, who were responsible for claims supervision and operations, underwriting, communications and/or decisions. The aforedescribed conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 10, inclusive.

## SECOND CAUSE OF ACTION

PLAINTIFF, LAURA WAKIL, M.D., FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, UNUM LIFE INSURANCE COMPANY OF AMERICA; and DOES 1 through 10 FOR BREACH OF CONTRACT, ALLEGES:

9. Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

10. Defendants, and each of them, owed duties and obligations to Plaintiff under the Policy.

11. Defendants, and each of them, breached the terms and provisions of the insurance Policy by failing and refusing to pay benefits under the Policy as set forth in the second paragraph of the First Cause of Action, incorporated herein by reference.

12. As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

///
///

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS, UNUM LIFE INSURANCE COMPANY OF AMERICA; AND DOES 1 through 10, inclusive, FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING:**

1. Damages for failure to provide benefits under the Policy, plus interest, including prejudgment interest pursuant to Section 10111.2 of the California Insurance Code, and other economic and consequential damages, in a sum to be determined at the time of trial;

2. General damages for mental and emotional distress in a sum to be determined at the time of trial; for attorneys' fees, witness fees and costs of litigation incurred by Plaintiff to obtain the Policy's benefits in an amount to be determined at the time of trial;

3. Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

4. For costs of suit incurred herein; and,

5. For such other and further relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS, UNUM LIFE INSURANCE COMPANY OF AMERICA; AND DOES 1 through 10, inclusive, FOR BREACH OF CONTRACT:**

1. Damages under the Policy in an amount to be determined according to proof at the time of trial;

2. For costs of suit incurred herein; and,

3. For such other and further relief as the Court deems just and proper.

DATED: November 20, 2017                    DONAHUE & HORROW LLP

                                            _____
                                            MICHAEL B. HORROW
                                            *Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, LAURA WAKIL, M.D., hereby demands a trial by jury.

DATED: November 20, 2017                    DONAHUE & HORROW, LLP

                                            _____
                                            MICHAEL B. HORROW
                                            *Attorney for Plaintiff*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 325 S Melrose DRIVE | |
| MAILING ADDRESS: 325 S Melrose DRIVE | |
| CITY AND ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| TELEPHONE NUMBER: (760) 201-8028 | |
| PLAINTIFF(S) / PETITIONER(S): Laura Wakil MD | |
| DEFENDANT(S) / RESPONDENT(S): Unum Life Insurance Company of America | |
| WAKIL MD VS. UNUM LIFE INSURANCE COMPANY OF AMERICA | |
| **NOTICE OF CASE ASSIGNMENT** and **CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2017-00044469-CU-IC-NC |

## CASE ASSIGNMENT

Judge: Earl H. Maas, III                         Department: N-28

**COMPLAINT/PETITION FILED:** 11/21/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/29/2018 | 10:00 am | N-28 | Earl H. Maas, III |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2017-00044469-CU-IC-NC        CASE TITLE: Wakil MD vs. Unum Life Insurance Company of America

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| PLAINTIFF(S): Laura Wakil MD | |
| DEFENDANT(S): Unum Life Insurance Company of America | |
| SHORT TITLE: WAKIL MD VS. UNUM LIFE INSURANCE COMPANY OF AMERICA | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00044469-CU-IC-NC |
|---|---|

Judge: Earl H. Maas, III   Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)        ☐ Non-binding private arbitration

☐ Mediation (private)                ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)        ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

Name of Plaintiff        Name of Defendant

Signature        Signature

Name of Plaintiff's Attorney        Name of Defendant's Attorney

Signature        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/21/2017        _____
                         JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

3